# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT DORSEY,               ) | Civil Action No. 7:17cv00559 | |
|     Plaintiff,               ) | | |
|                               ) | | |
| v.                            ) | **MEMORANDUM OPINION** | |
|                               ) | | |
| KEEN MOUNTAIN MEDICAL         ) | | |
| DEPT., *et al.*,              ) | By: Norman K. Moon | |
|     Defendants.             ) | United States District Judge | |

Plaintiff Lamont Dorsey, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment. Defendants Commonwealth of Virginia and "Keen Mountain Medical Department" have moved to dismiss, and this matter is ripe for disposition.[1] After reviewing the record, I conclude that the motion to dismiss must be granted.

Dorsey, an inmate at Greensville Correctional Center, claims he was denied proper medical treatment by healthcare providers at Keen Mountain Correctional Center ("Keen Mountain"). Dorsey names the Commonwealth of Virginia and Keen Mountain Medical Department as two of the defendants to this action.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by *a person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). The Supreme Court has made clear that "a state is not a 'person' for purposes of determining who can be sued under § 1983." *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

---

[1] Defendant Keen Mountain Medical Director filed a separate motion to dismiss which I will address separately.

Further, a medical department is not a legal entity and, therefore, is not a "person" subject to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). Accordingly, Dorsey cannot maintain this action against the Commonwealth of Virginia or the Keen Mountain Medical Department and, therefore, I will grant these defendants' motion to dismiss.

**ENTER**: This  23rd  day of May, 2019.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE