IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMONT DORSEY, | ) | Civil Action No. 7:17cv00559 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KEEN MOUNTAIN MEDICAL | ) | |
| DEPT., *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Plaintiff Lamont Dorsey, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment. Defendant Medical Director of Keen Mountain Correctional Center ("Keen Mountain") has moved to dismiss, and this matter is ripe for disposition.[1] After reviewing the record, I conclude that the motion to dismiss must be denied.

Dorsey, an inmate at Greensville Correctional Center, claims he was denied proper medical treatment by healthcare providers at Keen Mountain, and names the Medical Director as a defendant. After the defendant was notified of this action, he filed a motion for a more definite statement because there was "insufficient information . . . to enable defense counsel to identify the person whose actions [were] at issue." *See* Docket No. 28. The court granted defendant's motion and directed Dorsey to file "sufficient additional information to identify the defendant 'KMCC Medical Director' by providing the requested information and/or any other identifying information."[2] *See* Docket No. 30. Dorsey did not respond within the time allotted and defendant Medical Director moved to dismiss Dorsey's complaint on the basis that he failed to

---

[1] By previous memorandum opinion and order, the court dismissed Dorsey's claims against the Commonwealth of Virginia and Keen Mountain Medical Department. *See* Docket Nos. 43 and 44.

[2] In the motion for a more definite statement, defendant asked Dorsey to provide the gender of the medical director; whether he or she is a doctor, nurse, or other health care provider; the approximate dates and locations of which Dorsey had contact with the medical director and a description of the contact; and a description of the grievances he submitted relative to the case.

comply with the court's order. *See* Docket No. 31. Dorsey responded to defendant's motion and indicated that he had "provided all identifying information he had knowledge of" and that he "complied with the court's order as best as he could, based on the limited information he has and in his limited ability to do so." *See* Docket Nos. 35 and 39. Thereafter, defendant Medical Director identified himself as Eugene Whited. *See* Docket No. 48. Inasmuch as Dorsey is proceeding *pro se* and the defendant Medical Director has now been identified, I will deny his motion to dismiss.

**ENTER**: This  2nd  day of August, 2019.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE