IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAMONT DORSEY, ) | |
| ) | Civil Action No. 7:17cv00559 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| EUGENE WHITED, *et al.*, ) | By:   Hon. Thomas T. Cullen |
| ) |         United States District Judge |
| Defendants. ) | |

Plaintiff Lamont Dorsey, a prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against three members of the Keen Mountain Correctional Center ("Keen Mountain") medical department alleging violation of his constitutional rights.[1] This matter is before the court on the defendants' motions for summary judgment.[2] After reviewing the record, the court concludes there is dispute of material fact related to defendant Nurse Kennedy, no dispute of material fact related to defendants Nurse Bucklen and Medical Director Whited, and, therefore, the court will grant the defendants' motions for summary judgment in part and deny them in part.

---

[1] Defendants Keen Mountain Medical Department and the Commonwealth of Virginia were terminated from this case on May 23, 2019, as Dorsey failed to state a claim against them. (*See* ECF Nos. 44 and 45.)

[2] Defendants Bucklen and Kennedy styled their motion as a motion to dismiss, or in the alternative a motion for summary judgment, and attached exhibits, including declarations, upon which the court relies. Accordingly, the court converts the defendants' motion to a motion for summary judgment and has given Dorsey appropriate notice. *See* Fed. R. Civ. P. 12(d); *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975); ECF No. 79.

## I.

In his amended complaint,[3] Dorsey alleges that, upon arriving at Keen Mountain on March 25, 2016, Nurse Bucklen and Nurse Kennedy "denied [him] adequate medical treatment for his serious medical need." During intake, Nurse Kennedy performed a medical exam on Dorsey. Although Dorsey alleges that his lower legs and ankles were swollen at the time, Nurse Kennedy states that Dorsey's examination was "unremarkable," and Dorsey did not appear to be in any distress. Dorsey claims that he complained of "pain and numbness in [his] lower extremities, and [that his] lower legs were intensely swollen," but Nurse Kennedy states that, had she seen any material swelling of his legs or ankles, she would have noted it and she did not. Dorsey, on the other hand, claims that the swelling was identified during the examination by the "healthcare provider on duty" and he was advised he would be "promptly treated." Nurse Kennedy states that transfer paperwork from Dorsey's prior correctional facility stated he had no ongoing medical concerns. Dorsey claims he "patiently awaited" treatment and "wrote several requests seeking medical help."[4] On March 31, 2016, Nurse Bucklen reviewed Dorsey's medical records which did not contain any reference to complaints of or needed treatment for swollen or painful legs. Nurse Bucklen did not perform any physical exam of Dorsey in 2016. Dorsey argues that Nurse Kennedy and Nurse Bucklen "deliberately and intentionally refused to provide any treatment at all."

---

[3] In an oral order on September 24, 2019, the court granted Dorsey leave to amend his second complaint. (*See* ECF No. 56.) Accordingly, the court will consider his supplemental second amended complaint (ECF No. 57) and his second amended complaint (ECF No. 17) in adjudicating this action.

[4] Dorsey's medical records do not contain these requests. (*See* ECF No. 48.) Dorsey does not dispute the validity of his medical records.

On June 23, 2016, nearly three months later, Dorsey requested "medical attention" from a doctor making rounds in Dorsey's housing unit. Dorsey alleges that the non-defendant doctor "determined that [he] need[ed] immediate emergency medical treatment," and Dorsey was "shortly thereafter" transported to the hospital. Dorsey claims he had "substantial blood clots throughout his body" and that his condition was "life threatening." Dorsey received emergency medical treatment at Buchanan General Hospital. He claims he suffered "permanent damage to his circulatory system and nerves" and required further treatment with a specialist. Dorsey was prescribed medication to "treat his damaged vessels" and "prevent further damage." Dorsey asserts this medication was "deemed essential to [his] treatment and recovery."

Dorsey alleges that defendant Whited, the Medical Director at Keen Mountain, "changed the hospital doctor's prescribed blood thinner to a less costly and efficacious medication," and that "due to this less efficacious medication," his condition worsened and the swelling in his legs and ankles returned.[5] Medical Director Whited avers that he does not prescribe medication and does not have the authority to discontinue a physician's order for medication. Dorsey also alleges that Medical Director Whited denied "doctors' orders for further C.A.T. or M.R.I. scans" because of "cost considerations." However, the defendants contend Dorsey's medical records do not indicate Dorsey needed an MRI or a CT scan or that he was denied one.[6]

---

[5] Dorsey's medical records indicate that he was prescribed Coumadin, a blood thinner, following his hospitalization in June 2016. (*See* ECF No. 48.) Dorsey's subsequent medical records indicate that his regular dosage of Coumadin was given as prescribed. (*See* ECF No. 48.)

[6] There is no mention of an MRI or a CT scan anywhere in Dorsey's medical records. (*See* ECF No. 48).

Dorsey argues that the defendants violated his Eighth Amendment rights as they were "deliberate[ly] indifferen[t] to [his] serious medical need." Dorsey claims he "suffers from circulatory and nerve damage" and requests monetary relief for his physical injuries. Dorsey seeks $1,500,000 for his physical injuries and $1,500,000 for mental anguish.

## II.

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary

judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

The defendants assert they are entitled to summary judgment because no reasonable trier of fact could find in favor of Dorsey. For the following reasons, the court will grant defendants' motions for summary judgment in part.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). This is a two-prong test, with the first "objective" prong requiring a demonstration of the seriousness of the deprivation, and the second "subjective" prong requiring a showing of the defendant's "sufficiently culpable" state of mind. *Farmer*, 511 U.S. at 834. A "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation omitted). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994).

"[M]any acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness. *Militier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference is a very high standard," and demonstrating mere negligence is insufficient. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). The "[i]nadvertent failure to recognize a need for treatment does not present a constitutional deprivation." *Blount v. Neece*, No. 7:11CV00362, 2012 WL 3562764, at *4 (W.D. Va. Aug. 17, 2012), *aff'd*, 503 F. App'x 244 (4th Cir. 2013) (citing *Estelle*, 429 U.S. at 105–6) (finding that a nurse's failure to act upon symptoms did not rise to deliberate indifference); *see also Wilson v. Collins*, No. 7:08CV00638, 2010 WL 785377, at *7 (W.D. Va. Mar. 5, 2010) (finding inadvertent failure to recognize a need for treatment is not a constitutional deprivation). The Fourth Circuit has explained that a plaintiff can make this showing through direct evidence of the official's actual knowledge, *Scinto v. Stansberry,* 841 F.3d 219, 226 (4th Cir. 2016), as well as through "circumstantial evidence tending to establish such knowledge, including evidence 'that a prison official knew of a substantial risk from the very fact that the risk was obvious,'" *id.* (quoting *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015)).

In support of the defendants' motions for summary judgment, Nurse Kennedy, Nurse Bucklen, and Medical Director Whited provided affidavits and Dorsey's medical records. Nurse Kennedy performed a physical examination of Dorsey during his intake at Keen Mountain on March 25, 2016. She did not see Dorsey again between March 25, 2016, and June 22, 2016, when Dorsey requested medical care. Nurse Bucklen performed a chart review of Dorsey's records on March 31, 2016, and the review did not reveal any complaints or needed treatment regarding Dorsey's allegedly painful, swollen legs. Dorsey was seen by a physician on June 23, 2016, and neither Nurse Kennedy nor Nurse Bucklen were present. Nurse Bucklen did not perform any physical exams of Dorsey in 2016. Medical Director Whited did not provide any medical treatment to Dorsey. Medical Director Whited contends that he does not prescribe medication and does not have the authority to discontinue a physician's order for medication.

Based on Dorsey's allegations and the affidavits and medical records submitted, there is no dispute of material fact that Nurse Bucklen and Medical Director Whited did not know of the possibility of a serious medical condition, much less that they were deliberately indifferent to one. There is no dispute that Dorsey's alleged painful and swollen legs were not noted in his medical record or that Nurse Bucklen only reviewed Dorsey's medical record and did not personally examine him. There is also no dispute that Medical Director Whited does not have authority to discontinue a physician's order for medication or that his medical records reflect that a doctor ever ordered a MRIor a CT scan. Therefore, finding no genuine dispute of material fact at to Nurse Bucklen and Medical Director Whited, the court concludes these

defendants are entitled to summary judgment as a matter of law and will grant the motion for summary judgment in part.

There remains a dispute of material fact related to Defendant Nurse Kennedy. Nurse Kennedy performed Dorsey's intake exam during which Dorsey alleges he was experiencing leg swelling and pain.[7] To show an Eighth Amendment violation, it is not enough that an official *should* have known of a risk; he or she must have had *actual subjective* knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Farmer*, 511 U.S. at 837–39; *Iko*, 535 F.3d at 241) (emphasis added). Dorsey asserts that the "healthcare provider on duty" during his intake advised him he would be "promptly treated" for his leg pain and swelling. Nurse Kennedy does not contest that she performed Dorsey's intake examination. Drawing all reasonable inferences in Dorsey's favor, there remains an issue of material fact as to whether Nurse Kennedy knew of his alleged swelling and pain at intake.[8] Whether Nurse Kennedy had knowledge of Dorsey's alleged condition is an issue of material fact which precludes summary judgment and the court will, therefore, deny defendants' motion for summary judgment in part.

---

[7] Dorsey's medical record of his intake exam does not indicate that he raised these complaints at the time. (*See* ECF No. 48.) Dorsey's medical records from Buchanan General Hospital on June 23, 2016, state Dorsey claims his symptoms began "in February and got worse in March and ha[ve] continued to worsen." (*See* ECF No. 48.)

[8] Insofar as Nurse Kennedy argues she is entitled to qualified immunity, "[d]isputes of material facts preclude awarding qualified immunity or summary judgment." *Penn v. Brewer*, No. 7:15-CV-00039, 2015 WL 6554695, at *2 (W.D. Va. Oct. 29, 2015); *see also Wall v. Stevens*, No. 7:16-CV-00373, 2018 WL 626359, at *1 (W.D. Va. Jan. 30, 2018) (finding disputes of material fact preclude granting summary judgement under qualified immunity); *Buonocore v. Harris*, 65 F.3d 347, 359 (4th Cir. 1995). As such, Kennedy's motion for summary judgment based on qualified immunity is denied.

## IV.

For the reasons discussed, the court will grant the defendants' motions for summary judgment in part and deny the motions in part. The remaining claim is one of deliberate indifference against Defendant Nurse Kennedy.

The Clerk shall send a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 31st day of March, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATE S DISTRICT JUDGE